**IN THE UNITED STATES DISTRICT COURTS
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DAVID LYNCH,** | **CASE NO. 2:08-CV-322** |
| | **JUDGE FROST** |
| Petitioner, | **MAGISTRATE JUDGE KING** |
| v. | |
| **MICHAEL SHEETS, Warden,** | |
| Respondent. | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted.

### FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On January 14, 2003, Alaphonso Sanders was shot to death during a robbery. On September 15, 2004, an indictment was returned by the Franklin County Grand Jury. Reginald Raymond Trice and David Shane Lynch ("appellant"), were charged with murder, R.C. 2903.02, committed during the course of aggravated robbery, and a second count of aggravated robbery, R.C. 2911.01. A third count charged appellant with having a weapon while under disability, R.C. 2923.13. The first two counts included specifications that Trice and appellant used a firearm to commit the murder and aggravated robbery. R.C. 2941.145. Count three alleged that

appellant possessed the firearm after having been convicted of an earlier aggravated robbery.

During the course of the criminal proceedings and while represented by counsel, appellant and the state reached an agreement whereby appellant would provide information about the Alaphonso Sanders murder and robbery in an "off-the-record" setting. In the agreement, dated August 18, 2004, the parties agreed that no statement or information provided by appellant in the "off-the-record" proffer of information would be used against him at his trial. However, the parties agreed that the government could make derivative use of the information and could pursue further investigation suggested by appellant's statements. The provision for derivative use was included "to eliminate any later necessity for [a] Kastigar hearing." [FN1] (Appellee's brief, exhibit No. A-1; emphasis supplied.) Finally, the parties agreed that in the event appellant were to testify at any trial related to the information he was to provide, the government was permitted to cross-examine him concerning any inconsistencies with his statements or information provided. Appellant and defense counsel signed the agreement.

FN1. *Kastigar v. United States* (1972), 406 U.S. 441, 92 S.Ct. 1653. Kastigar involves "use immunity." No grant of immunity from prosecution was made in appellant's case.

Prior to trial, defense counsel filed a motion to suppress his statements and to suppress the testimony of any witness whose names were obtained from appellant's "off-the-record" proffer of information to the prosecution. Appellant asked for a *Kastigar* hearing. A hearing was held on September 21, 2005. The prosecution pointed out that a *Kastigar* hearing was inappropriate because immunity from prosecution had not been granted. Further, the prosecution pointed out that pursuant to the agreement, the state would not offer appellant's statements made during appellant's "off-the-record" proffer of information, as evidence at his trial.

The trial court found that appellant has not been forced to testify against himself and had not claimed the privilege

2

against self-incrimination. Furthermore, appellant had agreed that the prosecution could use information derived from appellant's statements to develop further evidence. The court overruled the motion to suppress.

On December 5, 2005, acting on his own behalf, appellant filed a "Motion to Suppress All Evidence." Appellant filed the motion under the wrong case number. However, it was called to the attention of the trial judge who considered the motion in the proper case. Appellant's pro se motion to suppress all evidence related to the same proffer agreement that had been subject to a motion to suppress filed by defense counsel and ruled upon by the trial court on September 21, 2005. On January 6, 2006, the trial court denied appellant's pro se motion to suppress. The court noted that appellant was represented by counsel and that hybrid representation was not permitted. *State v. Martin,* 103 Ohio St.3d 385, 2004-Ohio-5471, paragraph one of the syllabus.

On January 12, 2006, while represented by counsel, appellant entered a no contest plea to involuntary manslaughter as a lesser offense of murder and to aggravated robbery. As part of the plea bargain, the firearm specifications were withdrawn. The parties jointly recommended consecutive sentences of nine years for involuntary manslaughter and three years for aggravated robbery. The trial court accepted the joint recommendation and imposed sentence as recommended. New counsel was appointed for purposes of appeal.

New appellate counsel reviewed the entire record of the proceedings in the trial court and concluded that there was no good-faith basis to claim that any error took place in the trial court. Consistent with *Anders v. California* (1967), 388 U.S. 924, 87 S.Ct. 2094, appellate counsel provided a record of the proceedings below and, on appellant's behalf, advanced the following assignment of error:

The trial court erred in denying Appellant's Motions to Suppress, thereby violating Appellant's right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the

Ohio Constitution.

Pursuant to *Anders,* we have conducted a full examination of all of the proceedings to determine whether this case has arguable merit or is wholly frivolous. We find nothing in the record that would suggest arguable merit to this appeal.

First, *Kastigar* is not applicable to these proceedings. *Kastigar* involved the use of an immunity statute to compel testimony. No immunity was sought or granted herein and appellant was not compelled to be a witness against himself in the criminal proceedings.

Moreover, statements made in the context of agreements between the prosecution and the defense are not compelled self-incrimination. *United States v. Eliason* (C.A.7, 1993), 3 F.3d 1149; *United States v. Camp* (C.A.9, 1995), 72 F.3d 759. Appellant entered into a contract whereby he agreed that the prosecution could develop information gained from his statement made under the agreement. See *United States v. Pielago* (C.A.11, 1998), 135 F.3d 703. Proffer agreements are analogous to plea agreements and are governed by contract principles. *United States v. Chiu* (C.A.9, 1997), 109 F.3d 624. Ohio follows the same principles regarding proffered statements and plea agreements. See *State v. Bethel,* 110 Ohio St.3d 416, 2006-Ohio-4853.

Here, the agreement provided that appellant's statement would not be used in evidence against him. However, information developed from his statements was permitted under the agreement between the parties. We find no error in the decision of the trial court to overrule the motion to suppress filed by counsel. Moreover, even if *Martin, supra*, did not prohibit hybrid representation, appellant's pro se motion to suppress is simply a re-hash of the arguments made in the motion to suppress filed by counsel. It too is without merit.

We have reviewed the complete record and find nothing that would arguably support this appeal. Therefore, the assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*State v. Lynch*, 2007 WL 184885 (Ohio App. 10 Dist. January 25, 2007). Apparently, petitioner did not timely appeal from that decision; however, he indicates that he recently filed a motion for delayed appeal with the Ohio Supreme Court, which action is still pending. *Petition,* at 2. He also states that he is preparing a delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B); however, the record does not reflect that any such action has yet been filed. *Id.*, at 5.

On April 10, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Appellate counsel was ineffective for not protecting my rights.
>
> Appellate counsel filed an "*Anders* Brief." He stated he could not find any errors to support a reversal. However, I did not receive information by him nor by the appellate court that I could file a supplemental brief (under *Anders*) to raise additional claims. Thus, my rights on appeal [were] violated, *i.e.*, the rights under the 6th and 14th Amendments to the U.S. Constitution.
>
> 2. Ineffective assistance of counsel for failing to raise claims.
>
> I was granted "immunity" in exchange for my cooperation under a "proffer" agreement. The State of Ohio made a "tricked contract" that, in exchange for testimony it wouldn't be used against me. They lied and used the same evidence against [me] that I gave them which violated the laws of immunity.
>
> 3. Appellate counsel was ineffective for failing to raise suppression issue.

5

>On direct appeal, appellate counsel failed to raise a claim that the evidence used against me should have been "suppressed" under the 5th, 6th, 8th, and 14th Amendments to the United States Constitution. Testimonial statements that [were] used against me [were] guaranteed not to be used by the prosecutor.
>
>4. Ineffective assistance of appellate counsel on direct appeal.
>
>Appellate counsel on direct appeal was constitutionally ineffective, below an objective standard of reasonableness, for failing to raise claims of ineffective assistance of trial counsel, as a result of trial counsel's failure to file a proper motion to dismiss and to suppress evidence on immunity grounds.

## II. EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees,* 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

All of petitioner's claims raise allegations of ineffective assistance of appellate

counsel. Petitioner acknowledges that none of these claims has been presented to the state courts. He states that he is preparing a delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), but no such application had been filed at the time he filed the instant habeas corpus petition and it does not appear from the record that any such action has been filed to date. Therefore, the instant action remains unexhausted.

The total exhaustion rule of *Rose v. Lundy,* 455 U.S. 509, 522 (1982), requires federal courts to dismiss without prejudice habeas corpus petitions containing both exhausted and unexhausted claims, *see Rhines v. Weber,* 544 U.S. 269, 274 (2005), unless it appears that the statute of limitations will bar the re-filing of the habeas corpus petition. *See id.* Under such circumstances, a stay of proceedings may be appropriate only under limited circumstances. *Id.*

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ( "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.,* at 277.

Although the instant habeas corpus petition is timely, the statute of limitations has now expired, and will likely bar any re-filing of petitioner's habeas corpus action, should

7

this Court dismiss the petition in its entirety as unexhausted.[1]

However, it does not appear from the record that petitioner can establish either good cause for his failure to pursue a Rule 26(B) application in the state courts to date, or that his unexhausted claims are potentially meritorious. *Rhines v. Weber, supra*, 544 U.S. at 278. The Magistrate Judge therefore **RECOMMENDS** that the instant action be **DISMISSED** without prejudice as unexhausted.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

---

[1] Petitioner's judgment of conviction became final on March 11, 2007, forty-five days after the state appellate court's January 25, 2007, dismissal of his direct appeal, when the time period expired to file a timely appeal to the Ohio Supreme Court. *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.2001); Ohio Supreme Court Rule of Practice II, Section 2(A)(1)(a). The statute of limitations expired one year later, on March 11, 2008. Petitioner appears to have signed the instant habeas corpus petition on March 5, 2008. He filed the petition on April 10, 2008. Thus, under the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988)(prisoner's pleadings deemed filed on the date of delivery to prison officials for mailing), this action is timely.

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

April 28, 2008                                                                          s/Norah McCann King
                                                                                              Norah McCann King
                                                                                              United States Magistrate Judge