IN THE UNITED STATES DISTRICT COURTS
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID LYNCH,                                    CASE NO. 2:08-cv-322
                                                JUDGE FROST
                Petitioner,                     MAGISTRATE JUDGE KING

v.

MICHAEL SHEETS, Warden,

        Respondent.

<u>**OPINION AND ORDER**</u>

On April 28, 2008, the Magistrate Judge issued a *Report and Recommendation* pursuant

to  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

recommending that the instant habeas corpus petition be dismissed without prejudice as

unexhausted.   Petitioner has filed objections to the Magistrate Judge's *Report and*

*Recommendation*.  For the reasons that follow, petitioner's objections are **OVERRULED**.  The

*Report and Recommendation* is **ADOPTED** and **AFFIRMED**.   This action is hereby

**DISMISSED** without prejudice as unexhausted**.**

Petitioner again requests a stay of proceedings pending exhaustion of state court

remedies.   According to petitioner, equitable tolling of the statute of limitations is

appropriate and dismissal of this habeas corpus petition will violate the Suspension Clause,

because the statute of limitations has now expired and will bar him from re-filing his §2254

petition.

These arguments are not persuasive.  As noted in the *Report and Recommendation,*

petitioner has not yet even filed the delayed application to reopen his appeal pursuant to

Ohio Appellate Rule 26(B). Based on petitioner's objections, that remains the case. Further, as discussed by the Magistrate Judge, the record in this case simply fails to reflect that a stay of proceedings is appropriate under *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The fact that application of the one-year statute of limitations would bar petitioner from re-filing his habeas corpus petition does not constitute a violation of the Suspension Clause:

> Under the Suspension Clause to the United States Constitution, Congress cannot abolish habeas corpus except in situations of rebellion or invasion. U.S. CONST. art. I, § 9, cl. 2. The United States Supreme Court has found that habeas legislation violates the Suspension Clause only when it unreasonably "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention ." *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998) (quoting *Swain v. Pressley*, 430 U.S. 372 (1977), and *United States v. Hayman*, 342 U.S. 205, 223 (1952)). Because the AEDPA's statute of limitations leaves habeas petitioners with a reasonable opportunity to have their claims heard on the merits, the limitations period does not render the habeas remedy "inadequate or ineffective to test the legality of detention." *See Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113 (2nd Cir. 2000); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); Miller, 141 F.3d at 978; *Rhodes v. Senkowski*, 82 F.Supp.2d 160, 174 (S.D.N.Y. 2000); *Biladeau v. Angelone*, 39 F.Supp.2d 652, 657-58 (E.D.Va. 1999). The AEDPA's statute of limitations does not unconstitutionally suspend the writ of habeas corpus.

*Birch v. Sherman*, unpublished, 2002 WL 1880398 (E.D. Michigan July 31, 2002); *see also Thomas v. Straub,* 10 F.Supp.2d 834, 836 (E.D. Michigan 1998).

Pursuant to 28 U.S.C. §626(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation* and has carefully considered the entire record. For the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation*

2

is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED** without prejudice as unexhausted**.**

      **IT IS SO ORDERED**.

                                            /s/ Gregory L. Frost
                                          GREGORY L. FROST
                                          United States District Judge